————o——

No. 4079.

(Court of Appeal, Parish of Orleans.)

## LOUIS WINSON vs. CITY OF NEW ORLEANS.

1. According to the ruling in McGowan vs. City, the assignment herein sued on is invalid.

2. A telegraph operator in the department of Police and Public Buildings of the City of New Orleans, whose office is created and whose salary is fixed by law, who is appointed and holds office under the provisions of the Civil Service Law, is a public officer.

3. The fact that the City of New Orleans previously accepted assignments contrary to the dictates of public policy cannot form the basis of a plea of estoppel in a suit on a subsequent assignment. One may not indirectly do what he is forbidden to do directly.

Appeal from First City Court, Division "C."

E. P. Foley & E. A. O'Sullivan, for Plaintiff and Appellant.

A. D. Henriques, Jr., for Defendant and Appellee.

DUFOUR, J. The admitted facts in this case are as follows:
Charles E. Hewitt assigned to Winson by written contract a portion of his unearned salary and the City treasurer was notified of said assignment, that said salary has not been paid to Winson and is still in the hands of the City Treasurer. At

the time of said assignment, Hewitt was a telegraph operator in the firm alrm and police telegraph department of the office of the Commissioner of Police and Public Buildings, which is a department of the government of the City of New Orleans. Hewitt, as a condition precedent to his appointment, passed an examination before the Board of Civil Service Commissioners for the City of New Orleans.

His salary as telegraph operator is designated by a city ordinance. His duties were to take care of fire alarm boxes, to receive messages over the telegraph wires relating to fire alarms and fires in the City and to transmit the same to the various fire engine houses and police stations. Act 216 of 1902, amendatory of the City Charter of 1896, provides for the appointment of telegraph operators by the Commissioner of Police subject to and in accordance with the rules and regulations prescribed by the Board of Civil Service Commissioners. Under the Civil Service law (Act 89 of 1900) an employee can be removed for cause only and after due trial.

The plaintiff's first contention is that under the text of the Code, the assignment of future earnings is valid; this view is negatived, so far as public officers are concerned, by the decision in McGowan vs. City handed down this day.

That the assignor, Hewitt, is a public officer according to the ruling in Moll vs. Sbisa, 51 An. 290, may not be doubted; his office was created by the City Charter, his salary fixed by City ordinance; his duties are permanent and his tenure a permanent one protected by the Civil Service and subject to cessation for cause only.

Plaintiff's second contention is that the City having repeatedly before accepted assignments of the same character as the one in suit, is estopped from now urging its invalidity.

It is conclusive answer to say that estoppel cannot be effective for the purpose of indirectly accomplishing what public policy declares cannot be accomplished directly.

The complaint that the City is not entitled to the money and cannot honestly retain it is not an issue here; if, as we now hold, the plaintiff has no legal claim to the money, he need not concern himself as to the disposition to be made of it.

Judgment affirmed.